# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **CONSOLIDATED CASES** |

**THIS DOCUMENT PERTAINS TO:**

| | |
|---|---|
| **LINDA MARTIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 18, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PERRITT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | **CONSOLIDATED CASES** |
| **THIS DOCUMENT PERTAINS TO:** | |
| **LINDA MARTIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-253-BAJ-RLB** |
| **WESTLAKE VINYLS COMPANY, LP, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on referral from the district judge of plaintiffs' Motion to Remand.[1]  The motion is opposed.[2]  The issue before the court is whether the amount in controversy is sufficient to support subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity) or 28 U.S.C. § 1332(d) (Class Action Fairness Act or "CAFA").

**I.      Background**

On March 22, 2013, the seven plaintiffs filed their petition in the 23rd Judicial District Court, Ascension Parish, Louisiana.[3]  The plaintiffs allege that on March 22, 2012, they were injured as a result of a "fire and explosion at the Westlake Vinyl's Company, LP facility in Geismar, Louisiana."[4]  The plaintiffs claim that the "fire and explosion caused the release of a

---

[1] R. Doc. 6.  Unless otherwise indicated, the record document citations are docketed in the instant case, *Martin v. Westlake Vinyls Company, LP*, No. 3:13-cv-253-BAJ-RLB.
[2] R. Doc. 7.
[3] R. Doc. 1-1 at 5-9 ("Petition").
[4] Petition, ¶ 2.

1

large amount of chemicals into the surrounding geographic [area], [including] yet to be identified chemicals and other yet to be identified products, including but not limited to Vinyl Chloride Monomer (VCM), Hydrochloric Acid, and Hydrochloric Acid solution in whole or parts."[5] The plaintiffs allege that the fire and explosion resulted from the defendants' negligence and fault.[6]

The plaintiffs further allege that they and others "similarly situated suffered personal injuries and symptoms due to the explosion and exposure to the released chemicals and suffered fear and fright and emotional and mental anguish."[7] The plaintiffs allege that the fire and explosion caused them and "those similarly situated fear, anguish, discomfort and inconvenience as well as pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages."[8]

The plaintiffs allege that each of them suffered the following specific physical injuries:

- Linda Martin suffered nasal and lung injuries and received medical treatment.
- Kela Collins suffered eye, nose and chest problems as well as short term memory loss, and received medical treatments.
- Ada Northern has suffered from sinus problems and coughing since the incident.
- Nathalie Haynes and Annie Cyprain suffered physical discomfort and throat problems.
- Michael Sharper suffered sinus and throat problems.
- Christopher Taylor suffered skin irritation, tingling of his hands and face, nasal passage irritation, stomach aches and diarrhea.[9]

The plaintiffs also allege "some lost wages" and property damage to their vehicles and clothes.[10] Finally, the plaintiffs allege that none of them have a claim that "exceeds $75,000 exclusive of interest and costs."[11]

---

[5] Petition, ¶ 4.
[6] Petition, ¶¶ 10-12.
[7] Petition, ¶ 13.
[8] Petition, ¶ 14.
[9] Petition, ¶ 15.
[10] Petition, ¶ 16.
[11] Petition, ¶ 17.

On April 22, 2013, the defendants removed this action to federal court based on diversity jurisdiction under 28 U.S.C. §1332(a), and CAFA jurisdiction under 28 U.S.C. § 1332(d).[12] In the Notice of Removal, the defendants submitted that it is facially apparent from the petition that the jurisdictional amount has been satisfied on either basis of removal. The defendants also assert that there is complete diversity of citizenship because all of the plaintiffs are citizens of Louisiana and the defendants are citizens of Delaware and Texas.

## II.     Arguments of the Parties

In support of their motion to remand, the plaintiffs argue that "[t]here is no justification for the [defendants'] representation that any of the plaintiffs have claims exceeding $75,000."[13] The plaintiffs state (without a supporting affidavit) that as a result of the "chemical release [they] were forced to shelter in place for a few hours," had their contaminated clothes taken from them, and "suffered damage to the paint on their cars."[14] The plaintiffs argue that these limited injuries, as well as the remaining physical injuries alleged in the petition, are insufficient to satisfy the amount in controversy. Furthermore, the plaintiffs deny that they have filed a class action.[15]

The defendants have filed several Memoranda they request the court to consider in opposition to the plaintiffs' Motion to Remand. The defendants filed their original Opposition memorandum on June 18, 2013.[16] In that Opposition, the defendants relied on arguments submitted in oppositions to motions to remand in two other consolidated cases—*Perritt v. Westlake Vinyls Co. L.P.*, No. 3:12-cv-253-BAJ-RLB[17] and *Hollins v. Westlake Vinyls Co. L.P.*,

---

[12] R. Doc. 1.
[13] R. Doc. 6-2 at 2.
[14] R. Doc. 6-2 at 1.
[15] R. Doc. 6-2 at 2.
[16] R. Doc. 7.
[17] No. 12-253, R. Doc. 6.

3

No. 3:12-cv-254-BAJ-RLB.[18]  The defendants also relied on a ruling issued by the court on February 26, 2013, denying remand in both the *Perritt* and *Hollins* matters.  *See Perritt v. Westlake Vinyls Co., LP*, No. 12-253, 2013 WL 705235 (M.D. La. Feb. 26, 2013), vacated, 2013 WL 6451774 (M.D. La. Dec. 9, 2013).

On November 1, 2013, the district court vacated its February 26, 2013 ruling and order in *Perritt* and *Hollins* after concluding that it had incorrectly aggregated the plaintiffs' claims in those matters to reach the jurisdictional amount.[19]  Because the defendants' opposition memorandum in the instant action relied heavily on their briefing in *Perritt* and *Hollins*—as well as the vacated ruling and order—the court provided the defendants with an opportunity to file a revised opposition memorandum.

The defendants filed their revised Opposition on November 21, 2013.[20]  The revised Opposition submits that the defendants stand by their arguments advanced in their original Opposition,[21] including its incorporated references to the *Perritt* opposition[22] and the *Hollins* opposition.[23]

In short, the defendants argue that the court has diversity jurisdiction because it is "facially apparent" from the plaintiffs' allegations that the individual damages for at least one plaintiff exceeds the jurisdictional minimum.  In the alternative, the defendants argue they have established through "summary judgment-type evidence" that the jurisdictional minimum is satisfied.[24]  The defendants argue that remand in this action is "more compelling" than in *Perritt* and *Hollins* because the plaintiffs in this action have not only alleged the same broad allegations

---

[18] No. 12-253, R. Doc. 9.
[19] No. 12-253, R. Doc. 50.
[20] No. 12-253, R. Doc. 54.
[21] R. Doc. 7.
[22] No. 12-253, R. Doc. 6.
[23] No. 12-253, R. Doc. 9.
[24] R. Doc. 7 at 16.

4

as in *Perritt* and *Hollins*, but also additional allegations of more specific damages.[25] The defendants also reference various decisions involving allegations of chemical exposure exceeding the jurisdictional minimum of $75,000 for diversity jurisdiction under 28 U.S.C. §1332(a).

The defendants characterize the instant action as a "class action" based on the "similarly situated" language in the petition.[26] Based on this characterization, the defendants claim the court should impute to the plaintiffs recoverable attorney's fees to determine whether the jurisdictional amount for diversity jurisdiction has been satisfied.[27] Furthermore, the defendants argue that the court should find CAFA jurisdiction in this matter.[28]

On December 9, 2013, the district court issued a ruling remanding the *Perritt* and *Hollins* cases. *See Perritt v. Westlake Vinyls Co., LP*, No. 12-254, 2013 WL 6451774 (M.D. La. Dec. 9, 2013). The defendants have not requested leave to submit additional briefing in light of this ruling.

### III. Law & Analysis

#### A. Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the

---

[25] No. 12-253, R. Doc. 54 at 3-4.
[26] R. Doc. 7 at 6.
[27] R. Doc. 7 at 15.
[28] No. 12-253, R. Doc. 54.

5

complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[29] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The court will first consider whether it is facially apparent from the complaint that the plaintiffs' claims likely exceed $75,000. If not, the court will consider whether the defendants have set forth any facts in controversy supporting a finding of the jurisdictional minimum.

### i.     The Court's Ruling in *Perrit* and *Hollins*

The district judge in the current case has previously issued a ruling on motions to remand in two separate class actions consolidated with this matter involving the same underlying events. In *Perritt v. Westlake Vinyls Co., LP*, No. 12-254, 2013 WL 6451774 (M.D. La. Dec. 9, 2013), the court reviewed two similar but independent class action petitions seeking recovery for "personal injuries and symptoms due to the explosion and exposure to the released chemicals, including fear, anguish, discomfort and inconvenience as well as pain and suffering, emotional distress, and psychiatric and psychological damages, evacuation, and property damages." *Perritt*, 2013 WL 6451774, at *1 (citation omitted). Describing its decision as a "close call," the court concluded that these allegations did not support a finding that the amount in controversy was facially apparent. *Id*. at *6. The court acknowledged that the release of chemicals from the explosion "created the *potential* for claims in excess of $75,000.00." *Id*. The court also acknowledged that because both petitions alleged class actions under Louisiana law, there was also "a *potential* for attorney's fees under La. C.C.P. art. 595, and that amount must be attributed to the class representative in assessing whether the jurisdictional minimum for diversity jurisdiction is satisfied." *Id*. The court concluded that despite the plaintiffs' potential for

---

[29] The Plaintiffs are all citizens of Louisiana. (R. Doc. 1 at 3). The Defendants are citizens of Delaware and Texas. (R. Doc. 1 at 3).

7

recovery, the Defendant did not demonstrate that one of the plaintiffs in each action would "*more likely than not*" recover more than the jurisdictional minimum. *Id*.

In reaching this conclusion, the court stated that the injuries alleged in the petitions were "vaguely stated" and constituted "customary categories of damages set forth in personal injury actions, which provide the court with little guidance as to the *actual* damages incurred by the Plaintiffs." *Id*. (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995)). The court declined to impute attorney's fees toward the calculation of the amount in controversy based on the vague and conclusory nature of the allegations in the two petitions. *See id.* at *7.

### ii. The Instant Action

#### a. Whether the Jurisdictional Minimum Is Facially Apparent

The petition in this action is nearly identical to the petitions in the *Perritt* and *Hollins* matters. A few key distinguishing factors, however, require the court to engage in additional analysis not needed for the *Perritt* and *Hollins* rulings.

The petition in this matter includes additional, more specific allegations not found in the *Perritt* and *Hollins* petitions regarding each of the plaintiffs' alleged injuries. As set forth above, the plaintiffs' additional allegations regarding their personal injuries are as follows:

- Linda Martin suffered nasal and lung injuries and received medical treatment.
- Kela Collins suffered eye, nose and chest problems as well as short term memory loss, and received medical treatments.
- Ada Northern has suffered from sinus problems and coughing since the incident.
- Nathalie Haynes and Annie Cyprain suffered physical discomfort and throat problems.
- Michael Sharper suffered sinus and throat problems.
- Christopher Taylor suffered skin irritation, tingling of his hands and face, nasal passage irritation, stomach aches and diarrhea.[30]

---

[30] Petition, ¶ 15.

The defendants argue that these additional allegations supplement (rather than define) the broader categories of injuries the court found to be insufficient in the *Perritt* and *Hollins* petitions. The court disagrees. These more specific and individualized allegations of personal injuries define the broader and more "vaguely stated" categories of injuries alleged earlier in the petition. These more specific and individualized allegations suggest that the plaintiffs suffered only temporary and acute discomfort resulting from exposure to fumes and smoke from the explosion. Furthermore, although some of these alleged injuries are limited to specific body parts, the alleged injures are either minor in scope or too vaguely stated for the court to determine the actual damages incurred. The context of the injuries alleged suggests that the "medical treatment" of some of the plaintiffs following the incident was limited in scope. The plaintiffs' more specific allegations of personal injuries do not support a finding that it is "facially apparent" that the amount in controversy has been satisfied.[31]

Similarly, the plaintiffs state that their alleged property damages are limited to "damage to their vehicles" and the clothes they were wearing on the day of exposure, "which were contaminated and destroyed."[32] Considering these allegations in context with the plaintiffs' allegations of personal injuries, it appears that the plaintiffs' alleged property damages are limited to smoke-related damage to their clothing and automobiles. There is no indication in the petition that the alleged damages to the plaintiffs' automobiles involved anything more serious or

---

[31] In comparison, other courts have concluded that allegations of more serious personal injuries and more comprehensive requests for recovery of damages in chemical exposure cases were sufficient to determine that the amount in controversy was facially apparent. *See Aisola v. ExxonMobil Corp.*, No. 08-1105, 2009 WL 1455788, at *2 (E.D. La. May 22, 2009) (holding in a chemical exposure case that the jurisdictional amount was facially apparent where the plaintiffs sought recovery for pain and suffering, mental anguish and inconvenience, lost wages, and permanent disability and disfigurement); *see also 1994 Exxon Chem. Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009) (finding that former jurisdictional amount of $50,000 was met and explaining the nature of the alleged damages and injuries courts have typically found to satisfy the minimum in chemical exposure cases); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (allegations of "emotional distress, functional impairments, or disability" support a "substantially larger monetary basis for federal jurisdiction").

[32] Petition, ¶ 16.

9

costly, such as damage to the exterior of the automobiles caused by projectiles emitted from the explosion. *Cf. 1994 Exxon Chem. Fire*, 558 F.3d at 388 (loss of "peaceful use of property" among other things, supported finding that amount in controversy was met).

The petition also includes language stating that none of the named plaintiffs' damages will likely exceed $75,000, exclusive of interest and costs. Although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are less than the requisite amount for the right to a jury trial or to establish federal jurisdiction.[33] The article 893(A) statement provided by the plaintiffs, although not conclusive, "weighs against finding it facially apparent that the amount in controversy exceeds $75,000." *Trahan v. Chevron USA, Inc.*, No. 01-3206, 2002 WL 59407 at *3 (E.D. La. Jan. 14, 2002).

Moreover, the parties in this action dispute whether the state court petition qualifies as a "class action."[34] This issue is relevant for determining the amount in controversy because the court must determine whether, and to what extent, it should impute attorney's fees to the named plaintiffs. *See Grant*, 309 F.3d at 876-78 (providing that when representatives of a Louisiana

---

[33] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

[34] The dispute over whether the petition is a class action is also relevant to the CAFA analysis, discussed below. Although the petition does not specifically reference the Louisiana class action statute, Louisiana Code of Civil Procedure article 591, the plaintiffs state that they brought the action "on their behalf and on behalf of those similarly situated" and employ the "similarly situated" language several times when referring to alleged facts or damages. Neither the plaintiffs nor the defendants have provided the court with any legal authorities relevant to determining the pleading standard for a class action filed in Louisiana court.

class action advance a cause of action for which Louisiana makes no separate provision for attorney's fees, the aggregate fee allowable under Louisiana Code of Civil Procedure article 595(A) "shall be attributed entirely to the class representatives and included in calculating the amount in controversy."); *see also Gordon v. Air Liquide-Big Three Inc.*, No. 12-396, 2013 WL 3490725 at *4 (M.D. July 10, 2013) (amount in controversy was facially apparent in a chemical exposure action once attorney's fees in class action were imputed to the named plaintiffs).  The court need not decide this issue, however, because even assuming the plaintiffs alleged a class action, the court is unable to impute any calculable attorney's fees to the named plaintiffs for purposes of determining jurisdiction.

With regard to the calculation of attorney's fees in this action, the defendants refer the court to its memoranda filed in *Perritt* and *Hollins*.[35]  As those arguments rely primarily on summary-judgment type evidence submitted by the defendants in support of its claims, the court will consider them more fully in the context of analyzing that summary-judgment type evidence below.  In determining whether the amount in controversy is facially apparent, the court is limited to the allegations in the Petition.

As in *Perritt* and *Hollins*, the plaintiffs in this matter have not alleged the size and scope of their proposed class.  In discussing CAFA jurisdiction, the court noted that the "neither the Perritt Petition nor the Hollins Petition indicates that the class the Plaintiffs purport to represent contains more than the number of named Plaintiffs in each action—specifically, eight in the Perritt Action and three in the Hollins Action." *Perritt*, 2013 WL 6451774, at *10.  Where this court has imputed attorney's fees, the plaintiffs have alleged the scope and size of the purported class in their petition. *See*, *e.g.*, *Gordon*, 2013 WL 3490725 at *5 (concluding that amount in controversy was facially apparent where plaintiffs alleged a class of at least 300 similarly

---

[35] R. Doc. 7 at 16.

11

situated individuals); *Dixon v. Nan Ya Plastics Corp.*, No. 07-227, 2007 WL 4561136 at *4-5 (M.D. La. Dec. 20, 2007) (concluding that amount in controversy was satisfied where plaintiffs alleged a class of at least 600 similarly situated individuals). As the named plaintiffs in this action have not alleged the scope and size of the class, the court cannot calculate attorney's fees to be imputed to the named plaintiffs based on the face of the Petition.

In light of the foregoing, the undersigned recommends a finding that the amount in controversy is not facially apparent.

### b. Whether the Defendants Submitted Facts in Controversy Supporting a Finding of the Jurisdictional Minimum

The court will now consider whether the defendants have set forth any facts in controversy that support a finding of the jurisdictional minimum. To support their argument that the amount in controversy has been satisfied, the defendants submitted the Affidavit of John Casey ("Casey Affidavit").[36] This post-removal affidavit was provided as part of defendants' Opposition.[37]

Although the court may not consider facts developed after the time of removal, courts have stated that a removing defendant may rely on submissions filed after removal, "so long as the post-removal filing sets forth facts developed at the time of removal." *Dixon*, 2007 WL 4561136 at *4; *see also Simon*, 193 F.3d at 851 n.10 ("post-petition affidavits are allowable only if relevant" to the time of removal); *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (where jurisdictional amount was facially ambiguous, court would considered post-removal affidavit as it was "still examining the jurisdictional facts *as of the time* the case [was] removed" even though the information itself was "submitted after removal"), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*,

---

[36] R. Doc. 7-1.
[37] R. Doc. 7.

145 F.3d 211 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."); *Ditcharo v. United Parcel Service, Inc.*, 376 F. App'x 432, 436 (5th Cir. 2010) (facts supporting a finding of the requisite amount in controversy "should be set forth either in the removal petition (the preferred method), or by *subsequent* affidavit.") (emphasis added).

In *Felton v. Greyhound Lines, Inc.* 324 F.3d 771, 773-74 (5th Cir. 2003), however, the Fifth Circuit stated that the removing defendant may support jurisdiction "by establishing facts in controversy in the removal petition or an *accompanying* affidavit to show that the amount-in-controversy is met." (emphasis added). This language indicates that any such affidavit should be submitted with the removal petition. *See Perritt*, 2013 WL 6451774, at *5. Although *Felton* cites to *Simon* for this proposition, *Simon* does not limit consideration to affidavits only if they were submitted with the removal petition.[38] Indeed, *Simon* specifically notes that post-petition affidavits are allowable for determining facts at the time of removal, only "if relevant to that period of time." *Simon*, 193 F.3d at 851 n.10 (citing *Allen*, 63 F.3d at 1335).

For purposes of the instant Motion, however, it does not matter if the affidavit was submitted "accompanying" or "subsequent" to the Notice of Removal. Whether the court considers the Casey Affidavit or not, remand would still be warranted. The Casey Affidavit suggests that the only property damage suffered by those affected by the explosion is limited to the accumulation of ash and soot on their vehicles.[39] The Casey Affidavit states that the chemical plume released into the air by the explosion included reportable quantifies of chlorine

---

[38] In fact, it does not appear that the court in either *Felton* or *Simon* was faced with whether to consider a post-removal affidavit for purposes of determining jurisdiction.
[39] R. Doc. 7-1 at 3-4, ¶ 9.

and vinyl chloride monomer ("VCM"), which are "toxic by inhalation" and may "cause unconsciousness and death" when inhaled in "extremely high concentrations."[40] The Casey Affidavit further claims that VCM is classified as a "confirmed human carcinogen."[41] The Casey Affidavit does not, however, attribute any such hypothetical harms to the plaintiffs in this case. Furthermore, the plaintiffs have not alleged unconsciousness or death or any specific claims for fear of contracting cancer or for medical monitoring. Even if the court were to conclude that the presence of chlorine and VCM in the chemical plume supported potential damages for fear and fright or other forms of mental anguish, the defendants have indicated in their briefing that recovery for such claims would be limited to approximately $3,000 and $10,000.[42]

Furthermore, the defendants have not supplied the court with sufficient evidence to discern the size and scope of the plaintiffs' class. In the *Perritt* and *Hollins* petitions, the plaintiffs alleged, as paraphrased by the defendants, that each respective proposed class consisted "of those persons in or near the community of Geismar, Louisiana who sustained compensable damages from the fault of the Westlake Entities as specified in the Petition."[43] Consistent with plaintiffs' assertion that they did not intend to file a class action, there is no comparable allegation in the instant petition. Furthermore, the defendants have not attempted to present to the court any evidence regarding the size and scope of the purported class based upon the plaintiffs more specific allegations regarding their individualized damages. Having found that the defendants' arguments in the *Perritt* and *Hollins* opposition briefs were insufficient to determine the size and scope of the class in those cases, the court reaches a similar conclusion

---

[40] R. Doc. 7-1 at 2, ¶ 4.
[41] R. Doc. 7-1 at 2, ¶ 4.
[42] R. Doc. 6 at 19.
[43] *See* No. 12-253, R  Doc. 6 at 5 (*Perritt* opposition (citing *Perritt* Petition, ¶ 17) and R. Doc. 9 at 5 (*Hollins* opposition (citing *Hollins* Petition, ¶ 17)).

14

here. The arguments advanced by the defendants regarding the size and scope of the purported class are insufficient for the purpose of imputing attorney's fees.

In conclusion, even considering the summary-judgment type evidence submitted by the defendants after the Notice of Removal, the court finds that the defendants have failed to meet their burden of proving the amount in controversy has been satisfied.

### B. Class Action Fairness Act

For this court to have jurisdiction under CAFA, there must be minimal diversity,[44] there must be at least 100 members of the proposed class, and the aggregate amount in controversy must exceed $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (5), (6).

#### i. The Court's Ruling in *Perrit* and *Hollins*

In the *Perritt* and *Hollins* ruling, this court concluded that the defendants did not meet their burden of establishing that subject matter jurisdiction existed under 28 U.S.C. § 1332(d). *Perritt*, 2013 WL 6451774, at *10. The court held that the defendants failed to prove both that there were at least 100 members of the proposed class and that the amount in controversy, in the aggregate, exceeded $5,000,000. *Id*.

#### ii. The Instant Action

Foremost, as above, the court must address whether the allegations in the state court petition are sufficient to trigger analysis for CAFA jurisdiction. Under CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). As stated above in the context of determining diversity jurisdiction, the court need not decide this issue, because

---

[44] As there is complete diversity in this action, there is no dispute that the minimal diversity requirement has been satisfied.

15

even assuming that the petition satisfied the definition of "class action" under CAFA, the court would not find jurisdiction under CAFA.

First, the defendants have failed to meet their burden of establishing that the purported class the plaintiffs seek to represent, in light of their individualized allegations of damages, meets or exceeds 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B). In *Perritt*, the plaintiffs alleged "that the class consists of those persons in or near the community of Geismar, Louisiana who sustained compensable damages from the fault of the defendants."[45] Nevertheless, the court held that "neither the Perritt Petition nor the Hollins Petition indicates that the class the Plaintiffs purport to represent contains more than the number of named Plaintiffs in each action—specifically, eight in the Perritt Action and three in the Hollins Action." *Id.* That conclusion is stronger in this action, where there are only seven named plaintiffs and those plaintiffs have made no allegations regarding the scope or size of the purported class.[46]

Having failed to prove that the size of the putative class meets or exceeds 100 members, the defendants have likewise failed to meet their burden of proving that the amount in controversy exceeds $5,000,000 in the aggregate. *See* 28 U.S.C. § 1332(d)(6). Without a defined putative class exceeding the seven named plaintiffs, and without a showing that even one named plaintiff has a potential recovery of over $75,000, the court cannot determine that the amount in controversy in the aggregate exceeds $5,000,000.

---

[45] *See* No. 12-253, R Doc. 1-1 (*Perritt* Petition, ¶ 17). In the *Hollins* petition, the plaintiffs alleged that the putative class included those persons in or near the communities of Geismar and St. Gabriel, Louisiana. *See* 12-254, R. Doc. 1-1 (*Hollins* Petition, ¶ 17).

[46] Based upon the number of employees in facilities near the underlying explosion, the number of telephone numbers that received "shelter-in-place" orders, and U.S. census figures for the populations of Geismar and St. Gabriel, the defendants submit that a conservative estimate of the putative class in this action is 1,500 persons. (R. Doc. 54 at 15) (citing the Casey Affidavit). The defendants fail to meet their burden of proving, however, that the named plaintiffs in this action seek to represent such a class or that these individuals are "similarly situated" to the named plaintiffs based on the allegations in the petition.

Accordingly, the court finds that it does not have CAFA jurisdiction over the instant action.

**IV.    Conclusion**

For the foregoing reasons, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied. Furthermore, the Class Action Fairness Act does not apply to this action because there is no indication in the record that the purported class meets or exceeds 100 members and the minimum amount in controversy requirement has not been satisfied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand (R. Doc. 6) be **GRANTED** and the case be remanded to the 23rd Judicial District Court, Ascension Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on February 18, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**