UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAKE PERRITT, ET AL. | CIVIL ACTION |
| VERSUS | NO.: 3:12-cv-00253-BAJ-RLB |
| WESTLAKE VINYLS COMPANY, LP, ET AL. | LEAD CASE |
| | C/W 3:12-cv-00254-BAJ-RLB, 3:13-cv-00209-BAJ-RLB, 3:13-cv-00253-BAJ-RLB, 3:13-cv-00254-BAJ-RLB, 3:13-cv-00268-BAJ-RLB, 3:13-cv-00269-BAJ-RLB, 3:13-cv-00270-BAJ-RLB |

## RULING AND ORDER

Before the Court is Plaintiffs' **MOTION TO REMAND (13-cv-00253 Doc. 6).**[1] The Magistrate Judge has issued a **REPORT AND RECOMMENDATION (Doc. 9),** recommending that the Court grant Plaintiffs' Motion, and that "the case be remanded to the 23rd Judicial District Court, Ascension Parish, Louisiana," (*id.* at p. 18). Defendants Westlake Chemical Corporation and Westlake Vinyls Company, LP

---

[1] In a series of Orders, this Court consolidated related cases with *Perritt, et al. v. Westlake Vinyls Company, et al.*, 3:12-cv-00253, the lead case in this matter. (*See* 3:12-cv-00253 Doc. 3; Doc. 18; Doc. 20). In its May 28, 2013 Order, the Court explained that these cases are "consolidated for pretrial management with CV 12-253," and that the Court "will determine at a later appropriate time whether any or all of these cases will be tried separately, as provided by Rule 42(b)." (Doc. 20 at p. 2).

23rd JDC

(collectively, "Westlake") have filed written objections to the Magistrate Judge's Report. (Doc. 10).

Having carefully considered Plaintiffs' **MOTION (Doc. 6)** and related filings—including Westlake's objections[2]—the Court **APPROVES** the Magistrate Judge's **REPORT (Doc. 9)** and the recommendation contained therein, and **ADOPTS** it as the Court's opinion.

Accordingly, for the reasons explained in the Magistrate Judge's Report (Doc. 9),

**IT IS ORDERED** that Plaintiffs' **MOTION TO REMAND (Doc. 6)** is **GRANTED.**

---

[2] Among other things, Westlake asserts that the Magistrate Judge erred by failing to aggregate the number of potential plaintiffs asserted across each of the causes of action removed to this Court and consolidated with No. 12-cv-00253, which, in turn, prompted erroneous conclusions that: (1) attorney's fees should not be attributed to the class representative for determining the jurisdictional minimum under traditional diversity jurisdiction analysis; and (2) Westlake failed to meet its burden of establishing that the purported class exceeds 99 class members for purposes of establishing jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*See* Doc. 10 at pp. 9–11, 13–14). Even if the Court *assumes* that the Magistrate Judge erred in this regard, the vague and conclusory nature of damages described in Plaintiffs' petition, and Westlake's Notice of Removal and exhibits, leaves the Court without a reliable metric for determining: (1) the extent of potential fees to be attributed to Plaintiff Linda Martin, the putative class representative, (*see* 12-cv-00253 Doc. 60 at pp. 14–16); and/or (2) whether Plaintiffs' claims, in the aggregate, exceed a sum of $5,000,000, as required for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B). Thus, even accepting as true that the number of potential class members is determined by adding the number of plaintiffs across each of the consolidated causes of action, Westlake has still failed to carry its burden of proving the jurisdictional minimum by a preponderance of the evidence under *either* traditional diversity jurisdiction analysis, *or* CAFA analysis.

Case 3:13-cv-00253-BAJ-RLB   Document 11   03/11/14   Page 2 of 3

**IT IS FURTHER ORDERED** that civil action **3:13-cv-00253** (*Linda Martin, et al. v. Westlake Vinyls Company LP, et al.*), is **REMANDED** to the 23rd Judicial District Court, Ascension Parish, State of Louisiana.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter this Order in the docket for the lead case in this matter **(3:12-cv-00253)**, and in the case-specific docket for civil action **3:13-cv-00253**.

Baton Rouge, Louisiana, this 10th day of March, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**